IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE MARVIN SLUTZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0132 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# FINDINGS OF THE UNITED STATES MAGISTRATE JUDGE

On September 17, 2012, the United States Court of Appeals for the Fifth Circuit remanded this case for this Court to address the following issue:

> Whether the petitioner delivered [his] notice of appeal [file-stamped in this case on May 18, 2012 and received in an envelope reflecting a post-mark of May 15, 2012] to prison officials for mailing on or before May 14, 2012."

The answer to that question is YES. The facts developed on remand, however, raise additional issues. Consequently, findings related to that mailing are set forth below.

## PROCEEDINGS

1. September 18, 2012 – the parties were ordered file responses addressing the issue on remand, providing supporting affidavits and documentation.

2. October 5, 2012 – respondent filed a response with a supporting affidavit and exhibits, reflecting no outgoing mail log entries for petitioner from April 30, 2012 to May 14, 2012. It was respondent's position that petitioner did not timely file his notice of appeal.

3. October 17, 2012 – respondent was ordered to file a supplemental response with the outgoing prison mail logs from the Estelle Unit for the period May 15-16, 2012, and to advise the Court whether outgoing prison mail logs reflect when inmates actually "deliver" legal mail to prison officials for mailing, or merely shows when prison officials process such legal mail and/or place such mail into a United States Postal Service receptacle.

4. October 31, 2012 – after being granted an extension of time to file a response, petitioner filed a response advising he delivered "all documents, including notice of appeal" to a "law library officer" on May 14, 2012 to "clarify his prison trust fund account" and to mail.

5. November 15, 2012 – after being granted an extension of time to file a response, respondent filed a supplemental response with a supporting affidavit and exhibit reflecting no outgoing mail log entries for petitioner from May 15, 2012 to May 19, 2012. The supporting affidavit also clarified that outgoing inmate correspondence is picked up at approximately the same time each morning, Monday through Friday, from the mail receptacles located at the unit, and that legal mail is logged in the mail log and delivered to the United States Postal Service the same day that it is picked up from the receptacle. Respondent maintained his position that petitioner did not timely file his notice of appeal.

6. November 20, 2012 – both parties were ordered to submit additional information, documents, and/or evidence explaining why, if the envelope containing the notice of appeal reflected a United States Postal Service postmark of May 15, 2012, there would be no corresponding mail log entry for May 14th, 15th or otherwise.

7. December 10, 2012 – respondent filed a supplemental response and supporting affidavit reflecting petitioner did not place his notice of appeal in the prison mail but, instead, submitted it for mailing at the same time he submitted an Inmate Trust Fund Withdrawal form requesting funds be forwarded to the Fifth Circuit Court of Appeals. It was respondent's position in this last pleading that petitioner timely filed his notice of appeal on May 11, 2012, the date a check was issued from petitioner's trust fund and petitioner's documents were delivered to the United States Postal Service for mailing.

## FINDINGS

The undersigned finds as follows:

1. On an unknown date, petitioner submitted, to a "designated officer" at the Estelle Unit, an I-25 form requesting funds be withdrawn from his inmate trust fund account and sent to the Fifth Circuit Court of Appeals. With this I-25 form petitioner also submitted an unsealed, stamped envelope addressed to the Fifth Circuit containing legal documents assumed to be the Notice of Appeal.

2. After approving the transaction, the officer forwarded the withdrawal form and envelope containing the legal material to the Inmate Trust Fund Department for processing.

3. On or about May 11, 2012 but before May 15, 2012, the Inmate Trust Fund Department issued a check payable to the Fifth Circuit, inserted it into the stamped, addressed envelope containing petitioner's legal material, and delivered the envelope to the United States Postal Service.

4. Mail logs from the Estelle Unit, however, do not reflect this mailing and, in fact, reflect no outgoing mail entries for petitioner for the period April 30, 2012 to May 16, 2012.

5. The Inmate Trust Fund Department, which mailed petitioner's trust fund check and legal material to the Fifth Circuit, did not utilize the mail logs maintained by the Estelle Unit mail room, thus explaining the absence of an outgoing mail entry for petitioner for the period April 30, 2012 to May 16, 2012.

6. Petitioner delivered his legal material (Notice of Appeal) to the "designated officer" for disbursement of an Inmate Trust Fund check for appellate filing fees and mailing before May 14, 2012, the last day for filing his Notice of Appeal.

7. Rule 4(c) of the Federal Rules of Appellate Procedure states a notice of appeal filed by an inmate confined in an institution is timely if it is deposited in the "institution's internal mail system" on or before the last day for filing. The Rule further states that "[i]f an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." In addition, the Rule states "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

8. Respondent's pleadings do not address whether the "designated officer" for the Inmate Trust Fund Department is also an officer designated for retrieving mail to be processed through the prison's internal mail system. Since the mail logs do not reflect petitioner's mailing of the notice of appeal, it appears that the prison's internal mail system for "legal mail" was not used as required by Rule 4(c) of the Federal Rules of Appellate Procedure.

9. Prison officials, however, did not reject petitioner's mail addressed to the Fifth Circuit Court of Appeals or otherwise notify petitioner he had not properly mailed the Notice of Appeal.

10. Petitioner did not comply with Rule 4(c) of the Federal Rules of Appellate Procedure by affixing a declaration to his Notice of Appeal indicating the date of deposit and stating that first-class postage had been prepaid.

11. Since TDCJ officials accepted petitioner's mail on or about May 11, 2012, and since TDCJ officials did not require petitioner to use the internal legal mail system, the envelope containing the Notice of Appeal is considered to have been delivered to prison officials prior to May 14, 2012.

## AFTERWORD

The Court is concerned about the facts of this case. The issue remanded was simple and straightforward. In order to answer or attempt to answer the issue of when petitioner deposited his notice of appeal in the prison mail system, the Court was required to issue three briefing orders, receive and review three responses from respondent, and two from petitioner. Respondent, after twice taking the position petitioner did not timely mail his notice of appeal, eventually took the position he did timely deliver his notice of appeal to prison authorities. It is not clear whether this case is an anomaly or not. If, however, the result of this case is indicative that prison officials are not going to require inmates use the prison mail system for legal mail with its attendant mail log entries, then it will be difficult, if not impossible, for the Court to determine when pleadings are deemed filed by their being deposited into the prison mail system.

If, in fact, TDCJ has a system for legal mail, which the Court was under the impression they did, then TDCJ has offered no explanation as to why petitioner's notice of appeal was accepted for mailing outside that procedure.

    IT IS SO ORDERED.

    ENTERED this 3rd day of January 2013.

                                             CLINTON E. AVERITTE
                                             UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).